IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF EVANGELINA MACIAS, an individual; ANNA LAURA MACIAS, MARIA DE JESUS MACIAS, and VICTOR MACIAS, individually and as co-successors in interest of decedent Evangelina Macias,<br><br>Plaintiffs,<br><br>v.<br><br>WASTE MANAGEMENT HOLDINGS, INC., a corporation; WM CORPORATE SERVICES, INC., a corporation; and DOES 1–50, inclusive,<br><br>Defendants. | No. C 14-01532 WHA<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND VACATING HEARING** |

**INTRODUCTION**

In this wrongful-death action, plaintiffs move for leave to file a second amended complaint pursuant to FRCP 15(a) and 15(c). The sole change requested in the proposed second amended complaint is the substitution of one defendant for another. For the following reasons, plaintiffs' motion is **GRANTED**. The hearing previously set for July 3, 2014, is **VACATED**.

**STATEMENT**

The following facts are alleged in the first amended complaint. Plaintiffs are surviving family members of decedent Evangelina Macias. Prior to her death, Macias worked for defendants WM Corporate Services, Inc. and Waste Management Holdings, Inc., the latter being the parent company of the former (First Amd. Compl. ¶¶ 4–9).

On June 18, 2012, Macias directed truck loaders within her work facility's dumpsite in San Leandro, California. Reportedly, there were no protective safe zones in which Macias could safely stand to direct traffic. Jose Castellano, a driver at the facility, entered the dumpsite, driving a front-end tractor loader. Because of allegedly obscured vision, Castellano struck and ran over Macias, causing her to be pulled under the tractor. A medical response team transported Macias to a hospital, where she later died from her injuries (*id*. ¶¶ 18–19).

On October 7, 2013, plaintiffs filed an action against Castellano and several Waste Management entities. That action, however, was dismissed by the undersigned judge on January 29, 2014, for failure to state a claim and for lack of subject-matter jurisdiction.

Then, on April 2, 2014, plaintiffs commenced the instant action, later filing a first amended complaint on the basis of diversity action (among other grounds). This action was then reassigned to the undersigned judge, following an order that related this action to the prior one from 2013.

Plaintiffs now move for leave to file a second amended complaint. In that connection, they request one change — to replace a defendant (WMCS) with a new defendant (Waste Management Safety Services, LLC). Plaintiffs explain that recent research revealed that WMSS — and not WMCS — is responsible for the implementation, compliance, and modification of safety policies at Macias' work facility (Lacy Decl. ¶¶ 5–6). In their proposed second amended complaint, plaintiffs further assert that WMH violated federal and state safety violations and that they "knowingly failed to abide its own safety policies" by not having a protective zone for their workers (Dkt. No. 17-1 at ¶ 22).

The deadline to oppose plaintiffs' motion for leave has passed, and no opposition has been filed by defendants. Plaintiffs, however, have submitted an email exchange with defendants, discussing the motion for leave (Lacy Exh. 2). In that exchange, defense counsel wrote they "may contest personal jurisdiction, and don't want to appear by filing a stipulation regarding amending the complaint . . . we would have stipulated but for the personal jurisdiction issue" *(ibid)*. The order now decides the motion below.

2

**ANALYSIS**

**1.    FRCP 15(a)(2).**

FRCP 15(a)(2) governs the present motion for leave. That rule states:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

In addressing FRCP 15(a)(2), our court of appeals has explained:

> We consider five factors in assessing whether a district court abuses its discretion in dismissing a complaint without leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Although a district court should freely give leave [to amend] when justice so requires, the court's discretion to deny such leave is particularly broad where the plaintiff has previously amended its complaint.

*Ecological Rights Foundation v. Pacific Gas and Electric Co.*, 713 F.3d 502, 520 (9th Cir. 2012) (internal citations omitted). Here, it is undisputed that plaintiffs have already amended their first complaint. Nonetheless, the current record does not indicate that plaintiffs have acted in bad faith. Nor is there undue delay, as the first amended complaint was filed approximately six weeks before plaintiffs brought the instant motion for leave. There is also no showing of prejudice to defendants. Of note, two of the defense attorneys of record for the 2013 action — Nathan Jaskowiak and John Cox — are the same defense attorneys who were part of the email exchange with plaintiffs in their present motion for leave to file a second amended complaint, and those same defense attorneys did not oppose the instant motion here. Indeed, defense counsel wrote in that exchange: "We would have stipulated but for the personal jurisdiction issue" (Lacy Exh. 2).

Given these factors, as well as the unopposed nature of the instant motion, plaintiffs' request for leave to file a second amended complaint is **GRANTED**.

**2.    FRCP 15(c)**.

In addition their motion for leave under FRCP 15(a), plaintiffs argue that the proposed second amended complaint should be related back to the filing date of the original complaint back in April 2014. According to plaintiffs, FRCP 15(c) allows such relation back because (1) defendants have received notice of the action within the proper time; (2) defendants will not

3

be prejudiced in maintaining their defense on the merits; and (3) WMSS knew or should have known that this action would have been brought against them but for a mistake concerning the parties' identities (Br. 6).

Even so, it is unnecessary to reach the issue of whether the proposed second amended complaint relates back to determine whether leave should be allowed under the standard of FRCP 15(a). As such, this order will not come to a decision regarding FRCP 15(c).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to file a second amended complaint is **GRANTED**. Plaintiffs will file the proposed second amended complaint by **4:00 P.M. ON JULY 3, 2014**. The hearing previously set for July 3, 2014, is **VACATED**.

**IT IS SO ORDERED**.

Dated: June 27, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4