**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF EVANGELINA MACIAS, an individual, ANNA LAURA MACIAS, MARIA DE JESUS MACIAS, and VICTOR MACIAS, individually and as co-successors in interest of decedent Evangelina Macias,<br><br>Plaintiffs,<br><br>v.<br><br>WASTE MANAGEMENT HOLDINGS, INC., a corporation, WASTE MANAGEMENT SAFETY SERVICES, LLC, a limited liability company, and DOES 1–50, inclusive,<br><br>Defendants.<br>_____/ | No. C 14-01532 WHA<br><br>**AMENDED ORDER GRANTING LEAVE AND DENYING AS MOOT MOTION TO DISMISS** |

**INTRODUCTION**

In this action alleging wrongful death and other state-law claims, defendants move to dismiss the second amended complaint for (1) failure to state a claim; (2) lack of personal jurisdiction; and (3) lack of subject-matter jurisdiction. Moreover, plaintiffs seek leave to amend the second amended complaint to cure any deficiencies identified herein. For the reasons discussed, the motion to dismiss is **DENIED AS MOOT**. Furthermore, to the extent stated in the last paragraph of this order, leave to amend is **GRANTED**.

**STATEMENT**

The following well-pled facts are assumed to be true for purposes of the present motion. Plaintiffs are the estate and family members of decedent Evangelina Macias. On June 18, 2012, Macias was working at Waste Management of Alameda County's dump-site when a co-worker drove a front-end tractor loader over her body. Macias later died that day. Plaintiffs then sued WMAC and other defendants in an action filed last year, but that action was dismissed for lack of subject-matter jurisdiction.

Now, plaintiffs have filed the instant action this year. WMAC is no longer a defendant but two other entities are: Waste Management Holdings, Inc. (WMAC's indirect parent corporation), and Waste Management Safety Services, LLC (one of WM Holdings' indirect subsidiaries). Following two pleadings in this action, the second amended complaint now claims wrongful death, negligence, loss of consortium, survival action, and negligent infliction of emotional distress.

Under Federal Rule of Civil Procedure 12(b), defendants move to dismiss the second amended complaint on three grounds: (1) failure to state a claim; (2) lack of personal jurisdiction, and (3) lack of subject-matter jurisdiction. Following full briefing, supplemental responses, and oral argument from both sides, this order decides below.

**ANALYSIS**

**1.   STATING A CLAIM.**

WM Holdings and WM Security Services argue that the second amended complaint fails to state a claim because they owed no duty to Macias. Pointing to sections of the workers' compensation law, they assert that only Macias' employer (WMAC) held the non-delegable duty to provide a safe workplace for Macias, and that plaintiffs have an exclusive remedy against WMAC — but not WM Holdings or WM Safety Services. *See* Cal. Lab. Code 3600 *et al*; 6400. By suing WM Holdings and WM Safety Services instead of WMAC, plaintiffs circumvent California's exclusive remedy system, or so it is alleged.

2

1   This order disagrees. It is true that under California law, "[e]mployers have a
2   nondelegable duty to furnish their employees with a safe place to work," so that "[a]n
3   employer's parent corporation is not responsible for the working conditions of its subsidiary's
4   employees based on the existence of the parent-subsidiary relationship." But a parent
5   corporation can still be liable "if it assumes a duty to act by affirmatively undertaking to provide
6   a safe working environment at the subsidiary's workplace." In other words, "a plaintiff who
7   recovers workers' compensation from an employer can pursue common law tort actions against
8   third parties *for independent acts of negligence* . . . even if the third party tortfeasor is the parent
9   company of the plaintiff's employer . . . ." *Waste Mgmt. Inc. v. Superior Court*, 119 Cal. App.
10  4th 105, 109–10 (2004) (emphasis added) (internal citations omitted).

11  *Waste Management* is instructive. There, a defective trash truck had killed a subsidiary's
12  employee on the job. The employee's family later sued the subsidiary's parent corporation for
13  negligence and wrongful death, alleging that the parent had controlled the subsidiary's budget
14  and had refused to allocate corporate funds to repair or replace the subsidiary's defective trucks.
15  After the superior court had overruled the parent's demurrer, the California Court of Appeal
16  reversed that decision, largely because the plaintiffs had not alleged any independent tort
17  committed by the parent itself. The operative complaint there had also failed to allege that the
18  parent directed the subsidiary's safety operations, ordered or required the subsidiary to continue
19  using the defective trucks, or otherwise assumed an independent duty to ensure the safety of the
20  subsidiary's employees. *Id.* at 111.

21  That is not the case here. In this action, the second amended complaint does allege that
22  defendants assumed a duty to provide a safe work environment for WMAC's employees (*see,*
23  *e.g.*, Second Amd. Compl. ¶ 32). To that end, the second amended complaint asserts facts as to
24  how WM Holdings created WM Safety Services "for the purpose of developing safety training
25  and policies" — including a safety policy requiring protected zones for workers from dangerous
26  vehicles — at WMAC and other facilities throughout the country. The second amended
27  complaint goes on to claim that WM Holdings and/or WM Safety Services inspected WMAC for
28  compliance with their safety policies, gave approvals to and recommendations for WMAC's

3

1 safety policies and procedures, were responsible for monitoring and controlling security cameras
2 at WMAC, participated in Cal/OSHA investigations and independent investigations of
3 workplace injuries at WMAC, and knew about the dangers associated with the operating
4 procedures and driving of WMAC's front-end tractor loaders (*see id.* ¶¶ 15, 20, 32).

Based on such factual allegations within the second amended complaint, this order finds that plaintiffs sufficiently state an assumption of duty by WM Holdings and WM Safety Services, at least at this point. It may be that at the summary-judgment stage, the record will not support a triable issue of fact as to whether WM Holdings and WM Safety Services assumed such a duty, but this order must take as true all factual allegations contained within the four corners of the second amended complaint.

**2.    SUBJECT-MATTER JURISDICTION.**

WM Holdings and WM Securities Services also move to dismiss the second amended complaint for lack of subject-matter jurisdiction.

The sole basis for this action is federal-diversity jurisdiction. The problem, however, is that the second amended complaint fails to allege plaintiffs' *domicile*. A "natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). But the second amended complaint merely asserts how plaintiffs are *residents* of California and United States citizens, and nothing more in that regard.

Nevertheless, plaintiffs all submit supplemental declarations, stating that California is their fixed and permanent home and appending copies of their California driver's licenses. In that connection, plaintiffs request leave to amend the second amended complaint so that they can allege domicile (Opp. 10). WM Holdings and WM Securities Services oppose this request in their reply, but do not identify any bad faith, undue delay, or prejudice that the defense would suffer as a result of another amended complaint (Reply 9).

In light of Rule 15(a)'s generous standard to "freely give leave" for pleading amendments, and only to the extent stated in the last paragraph of this order, plaintiffs' request to further amend their complaint to allege domicile is **GRANTED**.

4

### 3. PERSONAL JURISDICTION.

WM Holdings and WM Security Services further challenge whether there is personal jurisdiction over this action. There exist two types of personal jurisdiction — general and specific — both of which are asserted here.

To that end, WM Holdings and WM Security Services submit declarations from their vice presidents. In brief, these declarations state how WM Holdings and WM Security Services are incorporated outside of California, with principal places of business outside of California, and no offices, employees, or real property within California. The declarations further state that WM Holdings and WM Safety Services are not registered to conduct business in California, does not solicit, market, or advertise any services to residents of California, and did not employ or train Macias or other employees at WMAC's dump-site (Smith Decl. ¶¶ 3–14; Martin Decl. ¶¶ 3–14). Following the defense's reply, plaintiffs have provided a supplemental declaration from Greg Weiss, pursuant to the September 22 order that requested supplemental defense declarations and permitted plaintiffs to respond thereto (Dkt. No. 37). Weiss is a now-terminated employee of Waste Management National Services, Inc. — not a party here — and he has "entered into an agreement with [plaintiffs' counsel] as a Trial Consultant in this matter" (Lacy Decl. ¶ 6). In any event, Weiss declares (among other items) that WM Safety Services "produced all safety materials and safety training schedules for any and all [WM Holdings] affiliates," and that certain employees of WM Safety Services had the ability to access and review security-camera recordings at any Waste Holdings affiliate, such as WMAC (Weiss Decl. ¶¶ 2–7). The defense objects to Weiss's declaration as untimely and false, further alleging that his declaration may stem from privileged information to which Weiss was privy as a Waste Management employee earlier in this litigation.

Nonetheless, this order finds that discovery is needed to clarify the controverted issue of personal jurisdiction here. Indeed, a district court has "broad discretion" in permitting discovery to aid its determination of personal jurisdiction, where, for example, "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)

5

(internal citations omitted). Accordingly, to the extent stated in the last paragraph below, this order permits discovery on the issue of personal jurisdiction. The motion to dismiss is thus **DENIED AS MOOT**.

## CONCLUSION

For the reasons discussed, the defense's motion to dismiss is **DENIED AS MOOT**. The parties shall conduct discovery on whether there is personal jurisdiction over this action, and on that specific issue, each side can take up to four depositions over a total of twelve hours (not counting breaks). In addition, each side may request a reasonable and limited number of documents, up to twelve narrowly and reasonably-directed document requests. Please note that if the discovery sought has a substantial relation to the issue of personal jurisdiction, it shall not be a proper objection that the discovery sought also bears upon the merits. Moreover, to the extent stated, plaintiffs' request for leave to amend is **GRANTED**. Plaintiffs shall file a third amended complaint that not only cures the subject-matter jurisdiction issue by properly alleging their citizenship, but also alleges personal jurisdiction in detail and any other amendments relating to their claims of relief, by **DECEMBER 19, 2014**. Any follow-on motion to dismiss plaintiffs' new pleading must be filed by **JANUARY 8, 2015**, to be heard on a normal 35-day track. The parties shall return for a further case management conference at **8 AM ON FEBRUARY 12, 2015**. Please file a joint case management statement at least seven days before this conference. Finally, all initial disclosures under Rule 26 must be completed by **JANUARY 8, 2015**, on pain of preclusion under Rule 37(c), including full and faithful compliance with Rule 26(a)(1)(A)(iii).

**IT IS SO ORDERED.**

Dated: September 25, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE