IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF EVANGELINA MACIAS, an individual; ANNA LAURA MACIAS, individually and as Co-Successor in Interest of Decedent Evangelina Macias; MARIA DE JESUS MACIAS, individually and as Co-Successor in Interest of Decedent Evangelina Macias; and VICTOR MACIAS, individually and as Co-Successor in Interest of Decedent Evangelina Macias,<br><br>    Plaintiffs,<br><br>  v.<br><br>WASTE MANAGEMENT HOLDINGS, INC., a corporation; WASTE MANAGEMENT NATIONAL SERVICES, INC., a corporation, WASTE MANAGEMENT SAFETY SERVICES, LLC, a corporation; and DOES 1–50, inclusive,<br><br>    Defendants. | No. C 14-01532 WHA<br><br>**ORDER RE RULE 12 MOTION TO DISMISS** |

**STATEMENT**

Evangelina Macias worked at a dump site in San Leandro, as a traffic director for Waste Management of Alameda County. She directed incoming truck loaders and wore a company sweatshirt with bright yellow reflectors. On June 18, 2012, a front-end tractor loader approached her, its loader bucket raised to such a level that the driver, known by the employer to be reckless, could not see her. The vehicle struck Ms. Macias, she yelled, as did others, but the driver could not hear the shouting and his communications radio was broken. The vehicle drove over her.

Management attended to Ms. Macias with a small first aid kit.  Soon, however, a helicopter flew her to a hospital, where she died.

Five weeks before the death of Ms. Macias, the California Occupational Safety and Health Administration had cited and fined the employer for a similar accident at its Livermore site.  The employer had failed to place safety barriers to protect spotters and traffic directors and failed to train its employees for known hazards.

Workers' compensation has been paid.  The question now is whether companies affiliated with the employer can be sued.

The third amended complaint names the following defendants:  (1) Waste Management Holdings, Inc.; (2) Waste Management Safety Services, L.L.C.; and (3) newly added Waste Management National Services, Inc.

A web of affiliates is involved on the company side.  The immediate employer was Waste Management of Alameda County, Inc. (not sued herein).  This entity is owned by USA Waste of California, Inc. (not sued herein), which in turn is owned by Waste Management Holdings, Inc. (a defendant herein), which in turn is owned by Waste Management Inc. (not sued herein). Waste Management Holdings has several subsidiaries including Waste Management Safety Services, L.L.C. (a defendant herein) and Waste Management National Services, Inc. (a defendant herein).  There are hundreds of Waste Management entities in the United States but the pleading now concentrates on the foregoing affiliates.

As alleged in plaintiffs' third amended complaint, Waste Management Holdings, Waste Management Safety Services, and Waste Management National Services developed safety training policies for Waste Management facilities throughout the United States including Waste Management of Alameda County.  Modification and development of safety policies and operating procedures required approval from all three defendants.  Additionally, all three defendants' safety representatives inspected Waste Management of Alameda County for safety compliance, were aware of the dangers associated with the front-end loaders at this facility, and participated in investigations of on-site work place injuries.  This order follows full briefing, a hearing, and supplemental briefing.

**ANALYSIS**

Since plaintiffs have already recovered workers' compensation, the exclusive remedy doctrine applies *unless* plaintiffs have alleged facts sufficient to show an independent duty to the decedent. Black letter law holds that a parent company, *qua* parent, is not responsible for the working conditions of its subsidiary's employees. More must be alleged. There must be an independent act of negligence resulting from an affirmative undertaking to provide a safe working environment at the subsidiary's workplace. *Waste Management Inc. v. Superior Court*, 119 Cal. App. 4th 105, 109–110 (Cal. Ct. App. June 1, 2004). On the one hand, even providing safety guidelines to the subsidiary, one district judge has held, falls short of establishing a parental independent duty. *Hall v. North American Industrial Services, Inc.*, 2007 U.S. Dist. LEXIS 76323, at *73 (E.D. Cal. Oct. 11, 2007) (Judge Oliver Wanger) (applying California law). On the other hand, the Fifth Circuit has held a parent corporation liable for injuries to its subsidiary's employees where the parent undertook to inspect the entire subsidiary plant for conformity with safety practices and procedures. *Johnson v. Abbe Engineering Co.*, 749 F.2d 1131, 1131–33 (5th Cir. 1984) (applying Texas law).

At the Rule 12 stage, all of the evidentiary material submitted on this motion is immaterial, our gaze being limited to the pleadings. It is a close call whether, on the allegations in the third amended complaint, the affiliates named as defendants owed an independent duty to the decedent. In light, however, of the byzantine maze of hundreds of affiliates within the Waste Management empire, we cannot expect plaintiffs to be able to allege the degree of precision we would expect after discovery and at summary judgment time (or trial). For now, this order finds that plaintiffs have alleged enough, liberally construed, to warrant discovery into how the interlocked entities worked and the extent to which they assumed a duty to oversee safety at the location where Ms. Macias lost her life. *See Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014) (explaining that federal pleading rules "do not countenance dismissal of a complaint for [an] imperfect statement of the legal theory supporting the claim asserted").

The same goes for the issue of personal jurisdiction — this will be decided on summary judgment or at trial. If any one of these entities assumed a duty to a California worker, then it is very likely that the entity may be sued in California.

As for the new defendant, Waste Management National Services, this order permits equitable tolling of the statute of limitations given the byzantine network of hundreds of interlocking companies, subject to proof at trial. Plaintiffs sued the entities they thought bore responsibility, but have been stymied in their efforts to learn the ways and means of the Waste Management empire by its very complex corporate structure. Acting diligently and in good faith, plaintiffs' counsel evidently only learned the role of Waste Management National Services through discovery. Therefore, this order finds the addition of new defendant Waste Management National Services to be timely.

Discovery will go forward on all issues and no more motions to dismiss or for summary judgment will be entertained until the end of the discovery period.

All motions to dismiss are **DENIED**.

## CONCLUSION

For reasons stated above, defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 17, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4